# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00648-COA

**BYRON WENDELL NORRIS A/K/A BYRON NORRIS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                            **APPELLEE**

DATE OF JUDGMENT:            04/30/2025
TRIAL JUDGE:                HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:  PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     BYRON WENDELL NORRIS (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: SCOTT STUART
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                REVERSED AND REMANDED - 06/30/2026
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND WEDDLE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.    On June 27, 2002, a Pike County Circuit Court jury convicted Byron Norris of two counts of sexual battery (Counts One and Two) and one count of conspiracy to commit the crime of sexual battery (Count Three). The circuit court sentenced Norris to two consecutive twenty-year sentences in the custody of the Mississippi Department of Corrections (MDOC) for Counts One and Two and to serve five years for Count Three, which was set to run concurrently with the sentences for Counts One and Two. The court ordered Norris to serve the twenty-year sentence for Count One day-for-day, with the remaining time suspended and to be served on post-release supervision (PRS).[1]

---

[1] This Court affirmed Norris's convictions in *Norris v. State*, 893 So. 2d 1071, 1076 (¶18) (Miss. Ct. App. 2004).

¶2.     Norris was released from MDOC custody on May 27, 2022.  Approximately six months after his release, while serving his suspended sentence on PRS, Norris was arrested for DUI, driving with a suspended license, driving without automobile insurance, and obstructing a public highway.  The State filed a petition to revoke Norris's PRS, and the Pike County Circuit Court held a formal revocation hearing on December 12, 2022.  The circuit court revoked five years of the suspended portion of Norris's sentence and ordered him to be placed in MDOC custody.  The court also ordered that any remaining balance of Norris's sentence was to be served on PRS.

¶3.     Norris filed a motion for post-conviction relief (PCR), seeking to vacate or correct the judgment on April 21, 2025.  In the motion, Norris claimed that he had committed only technical violations; so he should have been sentenced under Mississippi Code Annotated section 47-7-37(5)(a), which imposes a maximum sentence of ninety days in a technical violation center or restitution center.[2]  Therefore, he contended that the circuit court violated his due process rights by imposing an illegal sentence.

¶4.     The circuit court denied Norris's PCR motion on April 30, 2025. The court found that

---

[2] Section 47-7-37(5)(a) provides in relevant part:

Within twenty-one (21) days of arrest and detention by warrant as herein provided, the court shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence. If the court revokes probation for one or more technical violations, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first revocation and not to exceed one hundred twenty (120) days for the second revocation.

Miss. Code Ann. § 47-7-37(5)(a) (Rev. 2023).

Norris was "confusing technical and material probation violations," noting that "[m]aterial violations include committing a new crime while under probation or parole supervision."

¶5.     Although Norris did not appeal the court's order until June 2, 2025, the record indicates that he mailed the notice of appeal on May 30, 2025; therefore, we find that his appeal is timely.[3] *See Tingle v. State*, 285 So. 3d 708, 710 (¶11) (Miss. Ct. App. 2019) (holding that "[b]ecause [appellant's] motion was pro se and he was incarcerated when he mailed the notice of appeal, the prison mailbox rule applies," which "states that a prisoner's motion is delivered for filing on the date that the prisoner submitted the papers to prison authorities for mailing").

¶6.     Upon review, we find that Norris's 2022 conviction of DUI in justice court constituted a technical violation, as it was not a felony.  Therefore, we reverse the circuit court's denial of Norris's PCR motion, and we remand for the imposition of a technical violation order.

## Standard of Review

¶7.     We review the circuit court's denial of Norris's PCR motion for an abuse of discretion.  *Brumfield v. State*, 341 So. 3d 1048, 1049 (¶5) (Miss. Ct. App. 2022) (citing *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017)).  Unless the court's findings "are clearly erroneous," we will not disturb the court's denial of the motion.  *Id*.  "Questions of law are reviewed de novo."  *Id*.

## Discussion

¶8.     Norris appeals the circuit court's denial of his PCR motion, reiterating his claim that

---

[3] *See* M.R.A.P. 4(a).

the court imposed an illegal sentence by revoking his PRS. Norris concedes that he was charged with DUI,[4] driving with a suspended license, and driving without automobile insurance, but he reasons that he should have only received a ninety-day sentence at either a technical violation center or a restitution center in accordance with section 47-7-37(5)(a).

¶9. The State's only argument is that Norris fails to demonstrate he is entitled to relief on appeal because he did not include any documentation from the underlying revocation proceeding in the court record. *See Brumfield*, 341 So. 2d at 1050 (¶9) ("The burden rests upon the appellant to see to it that the record contains all data essential to an understanding and presentation of matters relied upon for reversal on appeal." (quoting *Brown v. State*, 54 So. 3d 882, 884 (¶10) (Miss. Ct. App. 2011))). However, this Court, upon its own motion, requested that the circuit court supplement the record with the relevant documentation (i.e., the sentencing order, the State's petition to revoke PRS, the transcript of the revocation hearing, and the revocation order) so that we might address the merits of Norris's appeal. *See, e.g.*, UCRCCC 5.05 (providing that on appeal, "[t]he court, on its own motion or on application of any party, may compel the compilation and transmission of the record of proceedings").

¶10. Mississippi Code Annotated section 47-7-2(q) defines a technical violation as "an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer." Miss. Code Ann. § 47-7-2(q) (Rev.

---

[4] At the revocation hearing, it was confirmed that the Pike County Justice Court had convicted Norris of the DUI charge. Therefore, we must presume that Norris's DUI conviction was a misdemeanor. *See Levario v. State*, 90 So. 3d 608, 611 (¶9) (Miss. 2012) ("Justice courts have jurisdiction over misdemeanors, not felonies.").

4

2023). We acknowledge that "[t]he mere arrest of a probationer is not a violation of probation." *Williams v. State*, 334 So. 3d 177, 181 (¶14) (Miss. Ct. App. 2022). Rather, "[w]hen alleged criminal activity is the basis for revocation, the State must show proof of an actual conviction, or that a crime has been committed and that it is more likely than not that the probationer committed the offense." *Id.* (internal quotation marks omitted) (quoting *Lewis v. State*, 291 So. 3d 398, 400 (¶8) (Miss. Ct. App. 2020)).[5]

¶11. Here, Officer Levi Scott testified at the hearing that Norris had committed "a major violation," i.e., that "Norris was arrested by [the] Pike County Sheriff's Office on November the 12th for DUI, and then he *was convicted of that DUI in justice court*." (Emphasis added). Taking judicial notice of the entry of Norris's guilty plea for DUI, the court found "by clear and convincing evidence that [Norris] violated the material terms" of his PRS. We agree that Norris violated the terms of his PRS.

¶12. However, Norris is correct that his misdemeanor DUI conviction did not warrant the revocation of his PRS. Mississippi Code Annotated section 47-7-37.1 (Rev. 2023) provides:

> Notwithstanding any other provision of law to the contrary, if a court finds by a preponderance of the evidence, that a probationer or a person under [PRS] **has committed a felony or absconded**, the court may revoke his probation and impose any or all of the sentence. For purposes of this section, "absconding from supervision" means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months.

(Emphasis added). Norris did not commit a felony, nor did he abscond from supervision. We therefore find that the circuit court erred in revoking his PRS.

---

[5] In *Lewis v. State*, we reversed the trial court's revocation of Lewis's PRS because the only basis for revocation was Lewis's admission that he had been "arrested while on PRS." *Lewis*, 291 So. 3d at 400-01 (¶¶7, 11).

¶13. Accordingly, we reverse the circuit court's order denying Norris's PCR motion, and we remand for the court to impose the appropriate sentence for a technical violation under the requirements of section 47-7-37(5)(a).[6]

¶14. **REVERSED AND REMANDED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

---

[6] *Cf. Pryer v. State*, 393 So. 3d 1125, 1132-33 (¶¶18-19) (Miss. Ct. App. 2024) (reversing court's revocation of probation for a felony violation because the State did not list that violation in the petition for revocation and remanding for imposition of a technical violation order).